UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CRAIG CUNNIGHAM** on behalf of himself and all others similarly situated,

      Plaintiff,

-vs.-

**BIG THINK CAPITAL INC.,**

      Defendant.

**COMPLAINT**

**2:21 CV 2162**

**Class Action**

**Jury Demanded**

   Comes now Craig Cunningham ("Mr. Cunningham" or "Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

   1. Plaintiff is bringing this class action against Big Think Capital Inc. ("Big Think Capital" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder (the "TCPA").

   2. Defendant, caused to be made at least one call to Plaintiff's cellular telephone using a pre-recorded or artifical voice that advertised Defendant's goods and/or services without first obtaining Plaintiff's prior express consent. This call violated the TCPA, which prohibits the making of any calls to a cellular telephone using an artificial or prerecorded voice without the prior express consent of the person to whom the call is made.

   3. For the past four years, Defendant has made thousands of identical or substantially similar calls using an artificial or prerecorded voice to cellular and residential telephones of thousands of persons throughout the United States without obtaining the prior express consent of the persons being called. Accordingly, Plaintiff is bringing this class action.

1

## PARTIES

4. Plaintiff is a citizen and resident of Texas.

5. Upon information and belief, Defendant is a New York corporation with its principal place of business in Melville, New York.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which Defendant resides.

7. Venue is this judicial district is proper under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## STATUTORY BACKGROUND

### The TCPA

8. The TCPA generally prohibits a person from initiating any telephone call, using an artificial or prerecorded voice to deliver a message, that is made for a commercial purpose, and introduces an advertisement or constitutes telemarketing, to any residential telephone line or cellular telephone line, without the prior express written consent of the called party. 47 U.S.C. § 227(b)(1)(a)(iii), (b)(1)(B); 47 C.F.R. § 64.1200(a)(2).

9. The TCPA defines the term "advertisement" as "any material advertising the commercial availability or quality of any property goods, or services." 47 C.F.R. § 64.1200(f)(1).

10. The TCPA defines the term "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

11. Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## **DEFENDANT'S ILLEGAL CONDUCT**

12. Upon information and belief, on June 13, 2018, without Plaintiff's prior express written consent, Defendant made, initiated and/or caused to be initiated a telephone call to Plaintiff's cellular telephone number, which is and was 615-348-1977, and delivered the following message with a prerecorded or artificial voice: "Hey, its Jessica from the business funding unit, Big Think Capital. We communicated a while ago about getting your company some additional working capital. If you still have some interest, just press 1 right now. Our funding specialists are available immediately to get your business pre-approved. Again, just press 1 now and we can review all available options. Thanks you."

13. Mr. Cunningham pressed 1 and a person who identified himself as Keith from Big Think Capital answered the phone and discussed business financing opportunities with Plaintiff.

14. Plaintiff suffered concrete harm as a result of the above telephone call in that the telephone call tied up Plaintiff's telephone line, invaded Plaintiff's privacy, disturbed Plaintiff's solitude, caused Plaintiff annoyance, used up Plaintiff's cell phone battery and wasted Plaintiff's time.

15. Upon information and belief, from four years prior to the filing of the instant Complaint to the date of the filing of the instant Complaint, Defendant initiated or caused to be initiated thousands of telephone calls to cellular and residential telephones of thousands persons throughout the United States, without having received prior express written consent from the called parties that included or introduced prerecorded or artificial voice messages that were identical or substantially similar to the prerecorded or artificial voice message described above that Defendant communicated to Plaintiff.

## CLASS ALLEGATIONS

16. Plaintiff brings this class action on behalf of himself and all others similarly situated, under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure, for Defendant's violations of the TCPA.

17. Plaintiff seek to represent one class of individuals ("the Class") defined as follows: All persons in the United States, from four years prior to the filing of the instant Complaint through the date of the filing of the instant Complaint, to whom Defendant initiated and/or caused to be initiated any calls to the persons' cellular telephones or residential telephones, that delivered a prerecorded or artificial voice message identical or substantially similar to the prerecorded or artificial voice message described above that Defendant delivered to Plaintiff.

18. <u>Numerosity</u>: The Class is so numerous that joinder of all individual members in

one action would be impracticable. The disposition of the individual claims of the Class members through this the class action will benefit both the parties and this Court.

19. Upon information and belief, the Class contains, at a minimum, thousands of members.

20. Upon information and belief, the Class' size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call records.

21. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in the class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

22. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

23. Defendant made, initiated and/or caused to be initiated at least one telephone call to Plaintiff and each member of the Class, without obtaining the called parties' prior express written consent, that, using an artificial or prerecorded voice, delivered a message identical or substantially similar to the message described above that Defendant left for Plaintiff.

24. <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class and the questions of fact and law common to Plaintiff and Class predominate over questions which may affect individual members and include the following:

(a) Whether Defendant obtained the prior express written consent of Plaintiff and

each member of the Class before initiating or causing to be initiated at least one telephone call to Plaintiff and each member of the Class that used a prerecorded or artificial voice to deliver a message identical or substantially similar to the prerecorded or artificial voice message described above that Defendant delivered to Plaintiff?

(b) Whether Defendant's conduct of, without the prior express written consent of Plaintiff and each member of the class, initiating or causing to be initiated at least one telephone call to Plaintiff and each member of the Class, which call used a prerecorded or artificial voice to deliver a message identical or substantially similar to the prerecorded or artificial voice message described above that Defendant delivered to Plaintiff, violated the TCPA?

(c) Whether Plaintiff and the members of the Class are entitled to statutory damages from Defendant under the TCPA?

(d) Whether Defendant's violations of the TCPA were willful or knowing?

(e) Whether Plaintiff and the members of the Class are entitled to up to triple statutory damages under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

(f) Whether Plaintiff and the members of the Class are entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its unlawful conduct?

25. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained

counsel who is competent and experienced in litigation in the federal courts, class action litigation and TCPA litigation.

26. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation make it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

27. <u>Injunctive Relief</u>: Defendant has acted on grounds generally applicable to Plaintiff and members of the Class, thereby making appropriate final injunctive relief with respect to Plaintiff and the members of the Class.

**AS AND FOR A FIRST CAUSE OF ACTION**

28. Plaintiff repeats each and every allegation contained in all of the above

paragraphs and incorporates such allegations by reference.

29. By Defendant's above-described conduct, Defendant committed thousands of violations of the TCPA against Plaintiff and the members of the Class.

30. Accordingly, Plaintiff and the members of the Class are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendant ordering it to cease its violations of the TCPA.

31. If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

A. An order certifying the Class and appointing Plaintiff as the representative of the Class and appointing the law firm representing Plaintiff as counsel for the Class;

B. An award to Plaintiff and the members of the Class of more than $5,000,000 against Defendant for their violations of the TCPA;

C. If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000;

D. An injunction against Defendant, on behalf of Plaintiff and the members of the

Class, prohibiting Defendant from violating the TCPA; and

  E. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
   April 20, 2021

                Respectfully submitted,

                s/Aytan Y. Bellin
                Aytan Y. Bellin
                **BELLIN & ASSOCIATES LLC**
                50 Main Street, Suite 1000
                White Plains, NY 10606
                Phone: (914) 358-5345
                Fax: (212) 571-0284
                aytan.bellin@bellinlaw.com

                *Attorneys for the Plaintiff and the proposed Class*