UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAIG CUNNINGHAM on behalf of himself and all others similarly situated, | Case No. 2:21-cv-2162-ARR-SIL |
| Plaintiff, | |
| -vs.- | ANSWER OF DEFENDANT BIG THINK CAPITAL, INC. |
| BIG THINK CAPITAL INC., | |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 12(a), Defendant Big Think Capital, Inc. ("Big Think"), for its Answer to Plaintiff Craig Cunningham's ("Mr. Cunningham") Complaint and Class Action Jury Demand ("Complaint" or "Compl.," Dkt. 1), states as follows:

1. The allegations of ¶ 1 do not contain facts to which a response is required. To the extent a response was intended to be elicited, Big Think admits the allegations of ¶ 1 to the extent that the Complaint purports to assert a claim against Big Think for violation of the Telephone Consumer Protection Act ("TCPA"), but denies that any such violation occurred. To the extent ¶ 1 sought the admission of different or additional facts, it is denied.

2. Big Think denies the allegations of ¶¶ 2 and 3.

3. Big Think is without information sufficient to form a belief as to the truth of the allegations of ¶ 4 and, therefore, denies them.

4. Big Think admits the allegations of ¶ 5.

5. Big Think admits the allegations of ¶ 6 to the extent that Big Think is a New York corporation with its principal place of business in this district and to the extent the Complaint purports to assert a claim pursuant to a federal statute. Big Think denies the allegations of ¶ 6 to

the extent it alleges that 28 U.S.C. § 1391(b)(1) addresses federal question jurisdiction. To the extent ¶ 6 sought the admission of different or additional facts, it is denied.

6. Big Think admits the allegations of ¶ 7 to the extent that the Complaint alleges acts that purportedly occurred in this judicial district and that Big Think is not contesting venue in this district. Big Think denies the allegations of ¶ 7 to the extent that 28 U.S.C. § 1391(b)(1) does not pertain to where certain events occurred. To the extent ¶ 7 sought the admission of different or additional facts, it is denied.

7. Big Think denies the allegations of ¶¶ 8, 9, 10, and 11 as incomplete, and thus inaccurate, recitations of the law.

8. Big Think is without information sufficient to form a belief as to the truth of the allegations of ¶¶ 12 and 13 and, therefore, denies them.

9. Big Think denies the allegations of ¶¶ 14 and 15.

10. The allegations of ¶¶ 16 and 17 do not contain facts to which a response is required. To the extent a response was intended to be elicited, Big Think denies ¶¶ 16 and 17.

11. Big Think denies the allegations of ¶¶ 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27.

12. Big Think admits and denies the allegations of ¶ 28 to the same extent Defendant admitted and denied the incorporated paragraphs.

13. Big Think denies the allegations of ¶¶ 29, 30, and 31.

14. Big Think denies the allegations of the prayer for relief on pages 8 to 9 of the Complaint.

15. Big Think denies each allegation that it has not expressly admitted.

## FIRST AFFIRMATIVE DEFENSE

16. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

17. The claims of the Complaint are barred by the failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

18. At all times relevant, Big Think acted in good faith.

### FOURTH AFFIRMATIVE DEFENSE

19. The actions or inactions of Big Think did not cause Mr. Cunningham any actual or concrete harm and, therefore, this Court has no subject matter jurisdiction.

### FIFTH AFFIRMATIVE DEFENSE

20. The claims of at least some of the putative class members are barred by the doctrines of acquiescence, waiver, estoppel, and ratification.

### SIXITH AFFIRMATIVE DEFENSE

21. The claims of the Complaint are barred by Mr. Cunningham's unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

22. At all times relevant to the Complaint, the TCPA violated the First Amendment to the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

23. Defendant received consent to call the Phone Number.

### NINTH AFFIRMATIVE DEFENSE

24. Mr. Cunningham and the putative class members lack standing.

### TENTH AFFIRMATIVE DEFENSE

25. The claims of at least some of the putative class members are barred by the applicable statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

26. To the extent the Complaint seeks class relief, claims of the putative class are barred by the doctrine of judicial estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

27. The imposition of statutory damages would violate the Due Process Clause of the Fifth Amendment to the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

28. To the extent the Complaint seeks class relief, the claims of at least some of the putative class members are barred by res judicata.

## ADDITIONAL DEFENSES

Big Think gives notice that it intends to rely on such other defenses as may become available during the discovery proceedings in this case and hereby reserves the right to amend this Answer in order to assert such defenses.

WHEREFORE, Defendant Big Think Capital, Inc. demands that the Complaint be dismissed, and for such further and other relief as to which it may be entitled.

Dated: May 14, 2021

Respectfully submitted,

THOMPSON HINE LLP

By: /s/Mendy Pierkarski
Mendy Piekarski
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
T: 212-344-5680 / F: 212-344-6101
Mendy.Piekarski@ThompsonHine.com

*Attorneys for Defendant*
*Big Think Capital, Inc.*

## CERTIFICATE OF COMPLIANCE

Defendant certifies that on May 14, 2021, a true copy of the foregoing was served upon Plaintiff by email and first-class mail to the following address:

Aytan Y. Bellin
Bellin & Associates LLC
50 Main Street, Suite 1000
White Plains, NY 10606
aytan.bellin@bellinlaw.com

*Attorney for the Plaintiff*

|  |  |
|---|---|
| Dated:  May 14, 2021 | Respectfully submitted, |
|  | Mendy Piekarski |
|  | 335 Madison Avenue, 12th Floor |
|  | New York, New York 10017-4611 |
|  | T: 212-344-5680 / F: 212-344-6101 |
|  | Mendy.Piekarski@ThompsonHine.com |
|  | |
|  | *Attorneys for Defendant* |
|  | *Big Think Capital, Inc.* |