# BELLIN & ASSOCIATES LLC
### ATTORNEYS-AT-LAW
### 50 MAIN STREET, SUITE 1000
### WHITE PLAINS, NEW YORK 10606
### TEL (914) 358-5345
### FAX (212) 571-0284

August 27, 2021

BY ECF
Hon. James M. Wicks, U.S.M.J.
United States District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, New York 11722

  Re: *Cunningham v. Big Think Capital, Inc.*, 2:21 cv 02162 (DRH) (JMW)

Your Honor:

  I am the attorney for the plaintiff Craig Cunningham ("Mr. Cunningham") in the above-entitled matter. I am writing pursuant ot the Court's August 18 and August 24, 2021 orders requiring the parties to submit letter briefs on the question of whether individual and class discovery in this case should be bifurcated. Doc. Nos. 14; August 24, 2021 Docket Order. Mr. Cunningham respectfully submits that individual and class discovery should not be bifurcated in this case and that full individual and class discovery should begin immediately and simultaneously.

  In this case, Mr. Cunningham alleges that Defendant Big Think Capital, Inc. initiated or caused to be initiated calls to Mr. Cunningham and a class of similarly situated persons with a prerecorded or artificial voice advertising Big Think's goods and/or services without having received Mr. Cunningham's and the purported class members' prior express consent to being called in that manner. Doc. No. 1 at 1-2, 3-7, ¶¶ 1-3, 12-27. Mr. Cunningham contends that by initiating or causing to be initiated these calls, Big Think violated the TCPA (47 U.S.C. § 227) and the regulations promulgated thereunder. Doc. No. 1 at 7-8, ¶¶ 28-31.

  Big Think's Rule 26(a) disclosures and documents Big Think produced with those disclosures reveal that Big Think's main defense is going to be that, on March 20, May 29, April 5, and April 23, 2018 — prior to Big Think's prerecorded call to Mr. Cunningham — Mr. Cunningham allegedly clicked a button on Big Think's website after having filled out an online application that stated as follows:

> Big Think Capital uses advanced security to keep your information safe. By clicking 'Get Started or Apply Now', you (i) consent to receiving calls and messages, including autodialed calls for marketing purposes, from Big Think Capital or its representatives or agents at the telephone number provided above (including mobile telephone number), and acknowledge that no purchase of credit or services is contingent upon such consent; and (ii) acknowledge that you have read Big Think

>Capital's Application Agreement and Big Think Capital's Privacy Policy and understand that you may opt out of receiving communications of your choice from Big Think Capital as provided in the Privacy Policy.

*See* Big Think's Rule 26(a) Disclosures at 2, ¶ B, attached hereto as Exhibit A; Documents Accompanying Big Think's Rule 26(a) Disclosures at BTC-000001- BTC-000009, attached hereto as Exhibit B.  In the parties Rule 26(f) report, Big Think also argued that the question of whether Mr. Cunningham had provided Big Think with prior express consent is relevant "to whether Mr. Cunningham has suffered the type of concrete and cognizable injury that is traceable to the alleged wrongdoing as is required to have standing (and for this Court to thus have jurisdiction)."  Doc No. 12 at 1.  Big Think's arguments for bifurcation are meritless.

As Magistrate-Judge Bulsara has held, a motion to bifurcate class and individual discovery, "is properly understood as a [motion to] stay of class discovery pending resolution of [the] plaintiff's individual claim." *Chow v. SentosaCare, LLC*, No. 19 cv 2541, 2020 WL 559704, at *1 (E.D.N.Y. Jan. 23, 2020).  Accordingly, such a motion "is governed by [Fed. R. Civ. P.] 26(c)."  *Id.* at *2.  The standards for motions to stay discovery under Rule 26(c) are well settled:

>District courts have discretion to stay discovery for good cause, which requires a showing of facts militating in favor of the stay.  A stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law. [F]actors courts consider in weighing whether to grant a stay of discovery include the breadth of discovery and the burden of responding to it, as well as the unfair prejudice to the party opposing the stay.

*Id.* (internal quotation marks and citations omitted). However, "where no dispositive motion has been filed with respect to the named Plaintiff, and the motion has not even been briefed and is barely explained, [] a stay [of class discovery] is inappropriate." *Id.*

In this case, Big Think filed an answer rather than a motion to dismiss. Doc. No. 7.  Moreover, Big Think has not filed any dispositive motions at all and Big Think has "barely explained" — it really has not explained at all — the reasons behind its possible future filing of a motion for summary judgment.  Accordingly, bifurcation of individual and class discovery would be "inappropriate" in this case for these reasons alone.

To the extent that Big Think argues that the question of whether Mr. Cunningham provided Big Think with prior express consent to Big Think calling him using a prerecorded or artificial voice to advertise Big Think's goods and/or services is a question that should be resolved on an individual basis before class discovery commences, Big Think is wrong. Even assuming, *arguendo*, that Mr. Cunningham did click the 'Get Started or Apply Now' button after having filled-out the online application, there would be no reason to have individual discovery take place before class discovery.  That is because Mr. Cunningham intends to argue that Big Think's above-described notice fails to satisfy the TCPA's requirements of "prior express

Hon. James M. Wicks, U.S.M.J.
August 27, 2021
Page 3 of 5

consent" to be called using a prerecorded or artificial voice due to the fact that, among other things, the notice says absolutely nothing about calls using a prerecorded or artificial voice. *See, e.g.,* 47 C.F.R. §§ 64.1200(a)(2), (a)(3), (f)(9)(i)(A) (requiring consumer's prior express consent to receiving telemarketing or advertising calls be in writing and that "[t]he written agreement shall include a clear and conspicuous disclosure informing the person signing that: (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls *using an automatic telephone dialing system or an artificial or prerecorded voice. . . ."*) (emphasis added); *In the Matter of Rules and Regs. Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844, ¶ 33 (rel. Feb. 15, 2012) (discussing what is now 47 C.F.R. § 64.1200(f)(9)(i)(A) and "conclud[ing] that a consumer's written consent to receive telemarketing robocalls must be signed and sufficient to show that the consumer: (1) received 'clear and conspicuous disclosure' of the consequences of providing the requested consent, i.e., *that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller. . . ."*); *Allard v. SCI Direct, Inc.*, No. 16 cv 0123, 2017 WL 2957883, at *5 (M.D. Tenn. Jul. 10, 2017) (denying the defendant summary judgment on the issues consent regarding prerecorded calls because "none of [the defendant's] materials through which it solicited phone numbers contained any disclosure concerning the use of prerecorded calls.").

The question of the efficacy of Big Think's notice under the TCPA will be the same for all purported class members who Big Think claims filled out an online application and pressed the 'Get Started or Apply Now' button. *E.g., Williams v. Pillpack LLC*, No. 19 c 5282, 2021 WL 532215, at *6 (W.D. Wash. Feb. 12, 2021) (because the defendant used forms that contained identical or similar language in an attempt to obtain prior express consent to make telemarketing calls, the question of whether these forms were sufficient under the TCPA was a common issue). Accordingly, there be no benefit to bifurcating discovery.

Moreover, to the extent that Big Think repeats the argument it made in the parties Rule 26(f) report — that whether Mr. Cunningham has suffered the type of concrete and cognizable injury that is traceable to the alleged wrongdoing as is required to have standing (and for this Court to thus have jurisdiction) — also supports bifurcation individual and class discovery, that argument is meritless as well. The Complaint alleges — and Mr. Cunningham will testify — that he suffered concrete harm from Big Thinks unconsented-to prerecorded or artificial voice call to him because that call tied up his telephone line, invaded his privacy, disturbed his solitude, annoyed him, waster his time and used up his cell phone battery." Doc. No. 1 at 4, ¶ 14. The Second Circuit has made clear that these sorts of harms are concrete and give a plaintiff Article III standing to bring TCPA claims. *See, e.g., Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 93 (2d Cir. 2019) ("nuisance and privacy invasion" of receiving unsolicited text messages is a sufficient injury to allege Article III standing under the TCPA); *Gorss Motels, Inc. v. Lands' End, Inc.*, 997 F.3d 470, 476 (2d Cir. 2021) (nuisance and privacy invasion of receiving unsolicited faxes, the occupation of a plaintiff's fax machine, as well as use of the fax machine's paper and ink are each independently sufficient to allege Article III standing under the TCPA). The Second Circuit has also rejected the traceability argument that Big Think made the in parties' Rule 26(f) report in support of bifurcation. *Gorss Motels*, 997 F.3d at 476. *See Jawk Enterprises LLC v. Greenlight Energy, Inc.* No. 19 cv 4212, 2019 WL 5881752 at **1-4

(E.D.N.Y. Nov. 5, 2019) (rejecting similar traceability arguments by a defendant as a basis to bifurcate individual and class discovery in TCPA case). *See also Cardenas v. Resort Sales by Spinnaker*, No. 9:20 cv 00376, 2021 73393, at \*\*1-4 (D.S.C. Feb 24, 2021) (rejecting bifurcation of individual and class discovery in TCPA case). Accordingly, any motion for summary judgment against Mr. Cunningham based on these arguments would be meritless, and is therefore not a basis to bifurcate class and individual discovery.

*Leyse v. Bank of Am., N.A.*, No. 11 cv 7128, 2020 WL 1227410 (D.N.J. Mar. 13, 2020), cited by Big Think in its letter to this Court on bifurcation (Doc. No. 16) is not to the contrary. In that case, the plaintiff neither asserted nor put forward any evidence to show that he suffered "nuisance, annoyance, inconvenience, wasted time, invasion of privacy, or any such other injury." *Id.* at \*4. Accordingly, the plaintiff had not satisfied his burden of proving that he suffered injury and the Court properly granted summary judgment. In this case, by contrast, as discussed above, Mr. Cunningham has alleged such injuries in the Complaint and will testify to such injuries. Therefore, *Leyse* is inapposite.

To the extent that the *Leyse* Court concluded, in dictum, that *Leyse*, could not provide evidence of injury because (1) the record evidence showed that the plaintiff welcomed such calls in his role as paid investigator aiding his counsel in preparation of TCPA lawsuits; and (2) No other plausible inference can be drawn from the 20+ follow-up calls he made to DialAmerica, the types of questions he asked DialAmerica's representatives, his use of a false name and employer, his secret recordings of the calls, his submission of those recordings to his counsel, and, especially, his refusal to be added to DialAmerica's Do-Not-Call list when he was twice given the opportunity," that conclusion is inapplicable to this case. First, not even Big Think claims that Mr. Cunningham was a paid investigator for a lawyer bringing TCPA cases. Moreover, Big Think also does not claim that Mr. Cunningham ever refused to be added to Big Think's do not call list, and indeed, Mr. Cunningham can produce evidence that he was on the FCC's national do-not-call list at the time Big Think made the prerecorded call to him at issue in this case.

Moreover, "nothing in the Constitution. . . requires a plaintiff to be a naif," and there is no "amateurs only rule." *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp.3d 1187, 1194-96 (M.D. Tenn. Apr. 26, 2017) (citing *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006)). In *Rapid Response*, the court found nothing "constitutionally suspect about a plaintiff's being motivated by the prospect of reaping a reward," and held TCPA statutory damages are "specifically designed to appeal to plaintiffs' self-interest" and "operate as bounties, increasing the incentives for private enforcement of law." *Id.* at 955 (citing *Chapman v. Wagner Equities, Inc.*, 747 F.3d 489, 492 (7th Cir. 2014)). "While these schemes do not eliminate the constitutional requirement of an injury-in-fact, neither do they impose an additional hurdle simply because the plaintiff may have a motive beyond mere compensation for his injury." *Id.* at 1196. The court found the zone-of-interest argument "flatly refuted" by the TCPA, which "does not merely contemplate self-interested plaintiffs—it encourages them." *Id.* at 1197. The court found no indication Congress meant "to exclude" repeat plaintiffs, and "[i]f anything, it intended to recruit them," and concluded the plaintiff's injuries were "well within the zone of interests contemplated by the TCPA, and any interpretation of the TCPA that excluded him would actively frustrate the purpose of the statute." *Id.*; *see, e.g., Gorss Motels, Inc. v. Sprint Communications Co.* No. 3:17 cv 546, --- F, Supp. 3d ---, 2020 WL 818970, at \*6 (D. Conn. Feb.

19, 2020) (citing *Rapid Response* for similar proposition).; *Perrong v. Victory Phones LLC,* No. 20-5317, 2021 WL 3007258, at *4 (E.D. Pa. Jun. 15, 2021) (same); *Heidarpor v. Empire Capital Publishing Group, Inc.*, No. 18 cv 250, 2018 WL 6809186, at *8 (N.D. Cal. Oct. 25, 2018) (same, citing cases); *Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771, 783 (N.D.W. Va. 2017) (Although plaintiff has "telephone answering and recording equipment which is more sophisticated than that of the average consumer ... [t]his does not deprive the plaintiff of standing any more than the purchase of a burglar alarm would indicate that the homeowner wanted her house to be broken into."). Even if Big Think were correct that Mr. Cunningham entered his phone number and other information on Big Think's web site, that by no means gave Big Think prior express consent to call him with advertising or telemarketing messages using an artificial or prerecorded voice. Nor does it show that Mr. Cunningham did not suffer concrete harm form those calls.

      In sum, Big Think, which has not even filed a dispositive motion in this case, has utterly failed to satisfy its burden of providing good cause for a stay of class discovery pending completion of individual discovery. Accordingly, Mr. Cunningham respectfully requests that Big Think's request to bifurcate individual and class discovery be denied and that individual and class discovery proceed immediately and simultaneously.

                                        Respectfully submitted,

                                        */s/ Aytan Y. Bellin*
                                          Aytan Y. Bellin

cc: Jessica E. Salisbury-Copper, Esq. (By ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAIG CUNNINGHAM, <br><br> Plaintiff, <br><br> -against- <br><br> BIG THINK CAPITAL INC., <br><br> Defendant. | Case No. 2:21-cv-02162-ARR-JRW <br><br> ECF Case <br><br> **INITIAL DISCLOSURES OF DEFENDANT BIG THINK CAPITAL, INC.** |

Pursuant to Fed. R. Civ. P. 26(a)(1) and the Court's August 18, 2021 Order (Dkt. 14), Defendant Big Think Capital, Inc. ("Defendant" or "Big Think") makes these initial disclosures:

**A. Individuals with Discoverable Information**

1. The names, addresses, and telephone numbers of individuals likely to have discoverable information that Defendant may use to support its claims or defenses are:

    a.    Big Think Capital, Inc.
              c/o Jessica Salisbury-Copper
              Thompson Hine LLP
              10050 Innovation Drive, Suite 400
              Miamisburg, Ohio 45342

A representative of Big Think may have information regarding its defenses to the claims in this lawsuit, business records and information relating to the way in which Big Think obtained consent to call 615-348-1977 ("Phone Number"), the phone calls allegedly made to the Phone Number, Big Think's communications with Plaintiff Craig Cunningham ("Plaintiff" or "Mr. Cunningham"), and the purpose of Big Think's calls to the Phone Number.

    b.    Craig Cunningham
              c/o Aytan Y. Bellin
              Bellin & Associates LLC
              50 Main Street, Suite 1000
              White Plains, New York 10606

Mr. Cunningham may have information regarding the claims asserted in this lawsuit, the nature of the phone calls allegedly made to the Phone Number, the date on which the phone calls were allegedly made to the Phone Number, the subscriber and customary user for the Phone Number, the way in which the Phone Number was provided to Big Think or otherwise entered into Big Think's system, those

individuals or entities that have authority to give consent for the Phone Number to be called, any communications between Mr. Cunningham and Big Think, Mr. Cunningham's standing to pursue the claims asserted in this litigation, and Mr. Cunningham's alleged damages.

    c.      Tu Work
           Calle 6A#3-32
           Provincia de Cartagena
           Bolivar, Colombia

A representative of Tu Work ("Tu Work") may have knowledge regarding the calls at issue in this litigation that were allegedly made to the Phone Number, and whether those phone calls were automated or prerecorded.

**B. Relevant Documents, Electronically Stored Information & Tangible Things**

Defendant anticipates relying on its records relating to consent to call the Phone Number or the phone numbers of any putative class members.

Defendant believes that additional documents regarding the calls at issue are in the possession of Mr. Cunningham and/or Tu Work.

**C. Information Related to Calculation of Damages**

Defendant does not have a claim for damages in this action.

**D. Insurance**

Defendant does not currently believe it has any insurance agreements that could provide coverage for the claims in this case.

Dated: August 25, 2021                        THOMPSON HINE LLP

                                                    By: /s/ *Jessica E. Salisbury-Copper*
                                                    Mendy Piekarski
                                                    335 Madison Avenue, 12th Floor
                                                    New York, New York 10017-4611
                                                    T: 212.344.5680/F: 212.344.6101
                                                    Mendy.Piekarski@ThompsonHine.com
                                                    and
                                                    Jessica E. Salisbury-Copper
                                                    (Admitted *Pro Hac Vice*)
                                                    10050 Innovation Drive, Suite 400
                                                    Miamisburg, Ohio 45342
                                                    (937) 443-6854
                                                    Jessica.Salisbury-Copper@thompsonhine.com
                                                    *Attorneys for Defendant*
                                                    *Big Think Capital, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2021, I caused to be served a copy of the Initial Disclosures electronically to the following:

Aytan Y. Bellin
Bellin & Associates LLC
50 Main Street
Suite 1000
White Plains, NY 10606

                                                /s/ Jessica E. Salisbury-Copper
                                                Jessica E. Salisbury-Copper

# EXHIBIT B

| Basic Business Info | | Business Address | | |
|---|---|---|---|---|
| **Exact Legal Company Name**<br>GRANITE ENTERPRISES | **Doing Business As (DBA)** | **Business Address (no P.O. Boxes)** | | |
| **Business Phone**<br>APHONENUMBERISEXPECTED | **Contact Name**<br>CRAIG CUNNINGHAM | **City**<br>Nashville | **State**<br>TN | **Zip**<br>37211 |
| **Business Fax** | **Business Inception Date** | **Landlord Contact** | | |
| **Tax ID** | **Company Type** | | | |

MID: 20215

Additional Business Info

| Current Processor | Industry<br>not set |
|---|---|
| Open Bankruptcy | # of Employees |

Required for Recommended Loan Amount

| Annual Business Revenue | Monthly C.C. Volume |
|---|---|
| Monthly Total Volume | Credit Score<br>0 |

NAICS Codes(0)

BTC-000001

| Business Name | Merchant ID | User Assigned | Latest Update | State | Source | Status | Lender |
|---|---|---|---|---|---|---|---|
| GRANITE ENTERPRISES LLC | 15486 | TOM@bigthinkcapital.com 1/17/2020 11:48:14 AM | | | AGED LIVE TRANSFER | do not call | n-a |

**MID: 15486**

[Save Business] [Save & Continue] [Submissions] [Checklist] [Files(0)] [Notes] [View Owner →]

Source: Unassigned   Status: DO NOT C.

### Basic Business Info

**Exact Legal Company Name**
GRANITE ENTERPRISES LLC

**Doing Business As (DBA)**

**Business Phone**
6157278046

**Contact Name**
CRAIG CUNNINGHAM

**Business Fax**

**Business Inception Date**

**Tax ID**

**Company Type**

### Business Address

**Business Address (no P.O. Boxes)**

**City**          **State**          **Zip**

**Landlord Contact**

### Additional Business Info

**Current Processor**          **Industry**
                               not set

**Open Bankruptcy**          **# of Employees**

[NAICS Codes(0)]

### Required for Recommended Loan Amount

**Annual Business Revenue**          **Monthly C.C. Volume**

**Monthly Total Volume**          **Credit Score**
                                  0

BTC-000002

| Business Name | Merchant ID | User Assigned | Latest Update | State | Source | Status | Lender |
|---|---|---|---|---|---|---|---|
| GRANITE ENTERPRISES LLC | 11204 | brian@bigthinkcapital.com 1/17/2020 11:49:14 AM | | | INSTAPAGE | do not call | |

**MID: 11204**

Source: INSTAPAGE    Status: DO NOT C.

### Basic Business Info

Exact Legal Company Name: GRANITE ENTERPRISES LLC
Doing Business As (DBA):
Business Phone: 6153481977
Contact Name: Craig Cunningham
Business Fax:
Business Inception Date:
Tax ID:
Company Type:

### Business Address

Business Address (no P.O. Boxes):
City: Nashville    State: TN    Zip: 37211
Landlord Contact:

### Additional Business Info

Current Processor:
Industry: not set
Open Bankruptcy:
# of Employees:
NAICS Codes(0)

### Required for Recommended Loan Amount

Annual Business Revenue:
Monthly C.C. Volume:
Monthly Total Volume:
Credit Score: 0

BTC-000003

| Business Name | Merchant ID | User Assigned | Latest Update | State | Source | Status | Lender |
|---|---|---|---|---|---|---|---|
| GRANITE ENTERPRISES LLC | 27861 | brian@bigthinkcapital.com | 11/17/2020 11:41:59 AM | | CALL IN - JESSICA-ROB | do not call | |

MID: 27861

Source: CALL IN - J    Status: DO NOT C.

### Basic Business Info

**Exact Legal Company Name:** GRANITE ENTERPRISES LLC
**Doing Business As (DBA):**
**Business Phone:** 6153481977
**Contact Name:** Craig Cunningham
**Business Fax:**
**Business Inception Date:**
**Tax ID:**
**Company Type:**

### Business Address

**Business Address (no P.O. Boxes):**
**City:** Nashville   **State:** TN   **Zip:** 37211
**Landlord Contact:**

### Required for Recommended Loan Amount

**Annual Business Revenue:**
**Monthly C.C. Volume:**
**Monthly Total Volume:**
**Credit Score:** 0

### Additional Business Info

**Current Processor:**
**Industry:** not set
**Open Bankruptcy:**
**# of Employees:**
**NAICS Codes(0)**

BTC-000004

8/8/2019                          Apply Now - Big Think Capital



Home     About Us     Our Team     Business Loans ⌄     Resources ⌄

Apply Now



To apply for any of our business loan products, start with the form below...

# Big Think's Easy Online Application

To apply for any of our business loan products, start with the form below...

BTC-000005

8/8/2019      Apply Now - Big Think Capital

# Congratulations!

Based on your info, you are eligible to receive funding offers. Please complete your contact information so one of our Funding Managers can assist you.

**Name \***

First

Last

**Company \***

**Phone \***

**Email \***

Big Think Capital uses advanced security to keep your information safe. By clicking "Get Started or Apply Now", you (i) consent to receiving calls and messages, including autodialed calls for marketing purposes, from Big Think Capital or its representatives or agents at the telephone number provided above (including mobile telephone number), and acknowledge that no purchase of credit or services is contingent upon such consent; and (ii) acknowledge that you have read Big Think Capital's Application Agreement and Big Think Capital's Privacy Policy and understand that you may opt out of

**BTC-000006**

8/8/2019            Apply Now - Big Think Capital

receiving communications of your choice from Big Think Capital as provided in the Privacy Policy.

☐ I'm not a robot

reCAPTCHA
Privacy - Terms

Previous

Apply Now

STAY CONNECTED

COMPANY

> About Us

> Contact Us

> Our Team

> Business Loans

> SBA Loans

> Apply Now

RESOURCES

> Testimonials

> Loan Calculators

> Affiliate Program

CONTACT INFO

225 Broadhollow Road
Melville, NY, 11747
Phone: 1 (646) 400-0563

**BTC-000007**

8/8/2019            Apply Now - Big Think Capital



410 reviews

★ Trustpilot



© Copyright 2019 | Big Think Capital, All Rights Reserved. Terms & Conditions, Privacy Policy

Disclaimer: The above information is provided as a guideline. Some loan conditions may fall outside of these parameters. We recommend that you speak with one of our advisors before taking any course of action based on this information.

Design by GreenixMedia

   

BTC-000008

GRANITE ENTERPRISES LLC

Profile recorded Mar 20 2018 9:43AM. Current status:do not call.

GRANITE ENTERPRISES LLC

Profile recorded May 29 2018 11:15AM. Current status:do not call.

GRANITE ENTERPRISES

Profile recorded Apr 23 2018 12:22PM. Current status:do not call.

GRANITE ENTERPRISES LLC

Profile recorded Apr 5 2018 1:48PM. Current status:do not call.

**BTC-000009**