UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CRAIG CUNNINGHAM,

                            Plaintiff,

          -against-

BIG THINK CAPITAL INC.,

                        Defendant.
----------------------------------------------------------------------X

**FILED**
**CLERK**
9/27/2021 3:16 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
21-CV-02162 (DRH) (JMW)

**WICKS**, Magistrate Judge:

      Rule 1 of the Federal Rules of Civil Procedure mandates that the courts and parties construe the Rules "to secure the just, speedy and inexpensive" determination of every action.[1] A request for bifurcation of discovery appears to run counter to that command, as bifurcation effectively stays certain aspects of discovery. Before the Court is Defendant's motion to bifurcate individual and class of discovery. (DE 16.) Plaintiff opposes the motion and seeks a discovery schedule whereby individual and class discovery will occur concomitantly. (DE 17.)

      Plaintiff commenced this class action, pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, alleging that Defendant violated the TCPA in advertising its services by automated telephone call without first obtaining Plaintiff's prior express consent. The parties disagree on how discovery should proceed, namely whether individual and class discovery should take place in tandem or on a bifurcated basis. For the reasons that follow, Defendant's motion to bifurcate discovery is DENIED and the parties are directed to proceed accordingly.

---

[1] Indeed, the 2015 amendments to Rule 1 were intended to make clear that not only are courts required to construe the rules in this way, but that "parties share the responsibility to employ the rules in the same way." Fed. R. Civ. P. 1 advisory committee's notes to 2015 amendment.

## **FACTUAL BACKGROUND**

Defendant is a "financial services marketplace," specializing in finding businesses sources of financing. (DE 16 at 2.) Defendant identifies and reaches customers in several ways, including by telephone following an individual expressing interest on Defendant's website. (*Id.*) As alleged in the complaint, Defendant made at least one call to Plaintiff's cellphone advertising its services using a prerecorded or artificial voice and without obtaining Plaintiff's prior express consent. (DE 1 at 1.) On June 13, 2018, Defendant called Plaintiff on his cellphone and left a message with an artificial voice, stating:

> Hey, it's Jessica from the business funding unit, Big Think Capital. We communicated a while ago about getting your company some additional working capital. If you still have some interest, just press "1" right now. Our funding specialists are available immediately to get your business pre-approved. Again, just press "1" now and we can review all available options. Thank[] you.

(*Id.* at 3 (punctuation altered).)[2] Plaintiff pressed "1" and spoke with a representative for Defendant about business financing opportunities. (*Id.*) Plaintiff alleges that this call caused him to suffer "concrete harm" because the call "tied up Plaintiff's telephone line, invaded Plaintiff's privacy, disturbed Plaintiff's solitude, caused Plaintiff annoyance, used up Plaintiff's cell phone battery and wasted Plaintiff's time." (*Id.* at 4.)

According to Defendant's initial disclosures, Plaintiff completed an online application on Defendant's website, which allegedly required giving some form of consent. (DE 17 at 1–2.) Specifically, the message read:

> Big Think Capital uses advanced security to keep your information safe. By clicking "Get Started or Apply Now," you (i) consent to receiving calls and messages, including autodialed calls for marketing purposes, from Big Think Capital or its representatives or agents at the telephone number provided above (including mobile telephone number), and acknowledge that no purchase of credit or services is contingent upon such consent; and (ii) acknowledge that you have

---

[2] Plaintiff alleges that Defendant has made thousands of similar calls to individuals, purported class members, across the United States without obtaining prior consent. (DE 1 at 1.)

2

>   read Big Think Capital's Application Agreement and Big Think Capital's Privacy
>   Policy and understand that you may opt out of receiving communications of your
>   choice from Big Think Capital as provided in the Privacy Policy.

(*Id.*) Defendant contends—based largely on a LexisNexus case filing report—that Plaintiff has initiated approximately 195 TCPA cases, with the present action being one of four he has filed against Defendant, three of which are currently pending. (DE 16 at 1.)[3]

## DISCUSSION

The Federal Rules of Civil Procedure do not specifically address the issue of discovery bifurcation. Rather, courts—when confronted with the issue—look to Rule 42(b), which provides the standard for consolidating and separating cases for trial. *See* Fed. Civ. P. 42(b). Borrowing from Rule 42, courts contemplate bifurcating discovery "[f]or convenience, to avoid prejudice, or to expedite and economize" the proceedings. *Id.*; *see Charvat v. Plymouth Rock Energy, LLC*, 15-CV-4106 (JMA) (SIL), 2016 WL 207677, at *1 (E.D.N.Y. June 5, 2013). In light of these factors, and considering that such bifurcation "is properly understood as a stay of class discovery pending resolution of plaintiff's individual claim," *Chow v. SentosaCare, LLC*, No. 19 cv 2541, 2020 WL 559704, at *1 (E.D.N.Y. Jan. 23, 2020), a district court has "considerable discretion to stay discovery" under Federal Rule of Procedure 26(c), with the moving party having the burden of establishing good cause,[4] *Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of N.Y.*, No. 18 Civ. 4476 (LJL) (SLC), 2020 WL 1166047, at *5 (S.D.N.Y. Mar. 11, 2020) (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l Inc.*, No. 09 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009)). Good cause may exist "where the 'resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary,'" *Charvat*, 2016 WL

---

[3] *See* DE 16 at 6–18 (Lex Machina case filing report including TCPA cases involving Craig Cunningham as a party).
[4] *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from. . . undue burden or expense . . . [by] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.").

207677, at *2 (quoting *Tabor v. N.Y. City*, 11-CV-0195, 2012 WL 603561, at *10 (E.D.N.Y. Feb. 23, 2012)), or where "a narrow, potentially dispositive issue," being "totally distinct from class issues," has the potential render Plaintiff's TCPA claim baseless, *id.* (quoting *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132, 2014 WL 413534, at *2 (D.N.J. Feb. 4, 2014)).

However, a survey of past cases in this Circuit suggests that bifurcation is the exception, not the rule. Indeed, courts are likely to deny bifurcation "where discovery relating to class issues overlaps substantially with merits discovery" given that, in such circumstances, "bifurcation will result in duplication of efforts and needless line-drawing disputes." *Id.* at *1 (quoting *Hines v. Overstock.com, Inc.*, No. 09-CV-991, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2020)). Moreover, courts will not bifurcate if bifurcation will simply delay class certification or obfuscate the issue of what discovery relates to the class as opposed to the named plaintiff. *Id.* (citing *True Health Chiropractic Inc. v. McKession Corp.*, No. 13-cv-2219-JST, 2015 WL 273188, at *2–3 (N.D. Cal. Jan. 20, 2015)).

At the outset of its analysis, the Court notes that the parties' arguments concerning bifurcation prevaricate—rather than pointedly address—the standards set forth above. Defendant, for its part, relies heavily on the claim that Plaintiff "is a prolific TCPA litigant." (DE 16 at 1.) Be that as it may, Plaintiff's involvement in other TCPA cases has no bearing on the issue of whether discovery bifurcation is appropriate here. And while Defendant claims that, based on Plaintiff's purported lack of standing, it "should have the opportunity to challenge [Plaintiff's] individual claim before incurring the extraordinary expenses associated with discovery," it does not tether this assertion to an explanation of how individual discovery will differ from class discovery in this regard. (*Id.* at 5.) Plaintiff, on the other hand, heavily relies on, and ultimately

4

misinterprets, the holding of *Chow v. SentosaCare, LLC*. While *Chow* provides helpful insight into the often-confused issue of discovery bifurcation, it *does not*, as Plaintiff suggests, stand for the proposition that the absence of a pending dispositive motion precludes discovery bifurcation. Plaintiff does, however, appropriately contend that "[t]he question of the efficacy of [Defendant's] notice under the TCPA will be the same for all purported class members." (DE 17 at 3.) Notwithstanding, the Court has considered the parties' arguments and concludes that bifurcation is not warranted under the circumstances here.

*First*, it appears that Defendant's argument regarding adequate consent under the TCPA will be the same for each member of the purported class. The issue of consent seems to concern the same online application and consent agreement, meaning bifurcation of discovery would result in the duplication of efforts in gathering not only these online agreements but also Defendant's phone records. *See Charvat*, 2016 WL 207677, at *2 (denying bifurcation based on, *inter alia*, the fact that much of the discovery appeared relevant to both the class and individual claims, "including documents concerning [defendant's] telemarketing scripts, policies, contracts, practices and procedures, complaints received").

*Second*, bifurcation of discovery will potentially cause disputes over which records pertain to the class certification issue and which records pertain to the merits of Plaintiff's individual claim. *See Hines*, 2020 WL 2775921, at *1 (finding that defendant had not sustained its burden in establishing good cause for bifurcation because it did not show that discovery relating to class certification was distinct from merits discovery, meaning bifurcation would result in "needless line-drawing disputes"). The potentially dispositive issue of consent is not narrow enough nor totally distinct from class issues in this case. *Charvat*, 2016 WL 207677, at *2 (quoting *Physicians Healthsource, Inc.*, 2014 WL 413534, at *2). Rather, whether Plaintiff's pressing of a button on

5

Defendant's website constitutes adequate consent relates equally to class certification issues, namely the adequacy of Plaintiff as a representative of the class. This is particularly the case given that members of the class will likely allege the same type of harm from the non-consensual phone calls.[5]

*Finally*, and as noted above, Defendant's claim that Plaintiff is a "professional TCPA litigant" who welcomed the call from Defendant does not support bifurcation of discovery. Indeed, Plaintiff's complaint alleges that he suffered concrete harm—including nuisance and privacy invasion—and, as such, Defendant's assertion that Plaintiff used the phone call in hopes of starting litigation as a repetitive litigant cannot act as the basis for bifurcation of discovery. *See Jawk Enters., LLC v. Greenlight Energy, Inc.*, No. 19-CV-4212-ARR-SJB, 2019 WL 5881752, at *1 (E.D.N.Y. November 5, 2019) (holding that the "zone of interests" requirement is not a "prudential limitation on standing" and that a "zone of interests" argument requires asking whether a statute permits the plaintiff the cause of action that he asserts) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127–28 (2014)).

In sum, Defendant has not established good cause for bifurcation of discovery in this case. Given that bifurcation of class and merits discovery would result in duplication of efforts regarding the consent provided and harm alleged, bifurcation would not be practical and would not ensure the "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. Moreover, denying Defendant's motion for bifurcation will not cause undue burden and expense to Defendant because much of the discovery as to Plaintiff's claim will be largely the same as class discovery. Defendant's motion for bifurcation of individual and class discovery is therefore DENIED. A

---

[5] *See* Fed. R. Civ. P. 23(a)(3) ("One or more members of a class may sue or be sued as representative parties on behalf of all members only if . . . the claims or defenses of the representative parties are typical of the claims or defenses of the class.").

6

status conference is hereby scheduled for October 19, 2021 at 11:00 am via Zoom, at which point the Court will set a discovery schedule. The parties shall file a joint updated proposed discovery scheduled on or before October 12, 2021.

Dated: Central Islip, New York
      September 27, 2021

**S O   O R D E R E D:**

/s/ *James M. Wicks*
    JAMES M. WICKS
United States Magistrate Judge